UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CRAIG S. FLOYD,

    Petitioner,

v.                                  Case No. 5:03-cv-64-Oc-10GRJ

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____

## ORDER DISMISSING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding on an Amended Petition. (Doc. 9.) The Respondents filed a response to the Petition seeking the dismissal of the petition as time-barred. (Doc. 15.) Petitioner failed to file a reply to the Respondents' Response and this case is ripe for review.

## Conviction and Sentence

On July 30, 1999, Petitioner was charged by an amended information in Lake County with one count burglary of a structure while armed, two counts of burglary of a structure, two counts of felony petit theft, and one count criminal mischief. Petitioner was found guilty as charged by a jury.[1] On September 22, 1999, Petitioner was sentenced to life without the possibility of parole as a Prison Releasee

---

[1] Response (Doc. 15) at 2.

Reoffender.[2] Petitioners' conviction and sentence were affirmed on appeal on June 2, 2000.

On May 17, 2001, Petitioner filed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. That motion was denied. Petitioner appealed the denial of his Rule 3.850 motion to the Fifth District Court of Appeal. The Fifth Circuit affirmed the Order denying Petitioner's Rule 3.850 motion on March 12, 2002 and mandate issued on April 1, 2002.

On July 23, 2002, Petitioner filed a motion to correct illegal sentence under Rule 3.800 of the Florida Rules of Criminal Procedure. That motion was summarily denied on August 6, 2002. The denial of Petitioner's Rule 3.800 was affirmed on appeal on October 1, 2002. Mandate issued on October 18, 2002. Petitioner filed the instant case on February 21, 2003.

### Timeliness of Petition[3]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[4] Therefore, absent any state

---

[2] Appendix (Doc 16) (hereinafter App.) at Ex. 2.

[3] For purposes of this Order, the Court will give Petitioner the benefit of the mailbox rule by finding that Petitioner's state and federal court filings were filed on the date they were signed and/or handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

[4] See 28 U.S.C. § 2244(d)(1).

court post conviction proceeding that would have tolled the federal limitation period,[5] a Petitioner who's conviction and sentence became final after the effective date of AEPDA, has one-year from the date the conviction and sentence became final to file a federal habeas petition.  28 U.S.C. § 2244(d).

The record shows that Petitioner's conviction and sentence were affirmed on appeal on June 2, 2000.[6]  Adding an additional ninety (90) days for filing a petition for writ of certiorari,[7] Petitioner's conviction became final on August 31, 2000.[8] Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[9] Petitioner had until September 1, 2001, to timely file his federal habeas petition.

Petitioner filed a Rule 3.850 post conviction motion on May 17, 2001.[10]  At that point, 258 days of the one-year limitation period had expired.  Petitioners' one-year limitation period was then tolled until April 1, 2002, the date on which mandate issued on the affirmance of the denial of his Rule 3.850 motion.  Id at Ex. 15.

Petitioner filed a Rule 3.800 motion to correct illegal sentence on July 23,

---

[5] 28 U.S.C. § 2244(d)(2).

[6] App. at Ex. 8.

[7] See Nix v. Sec. for the Dept. of Corr., 393 F.3d 1235 (11th Cir. 2004); Bond v. Moore, 309 F.3d 770 (11th Cir. 2002).

[8] Supreme Court Rule 13.3 states in pertinent part that "[t]he time to file a petition for writ of certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[9] 28 U.S.C. § 2244(d)(2).

[10] App. at Ex. 10.

2002. Id at Ex. 16. At that time, an additional 112 days of the one-year limitation expired for a total of 370 days. Therefore, any subsequent filings, even those that were properly filed, could not toll the one-year limitations period because there was nothing left to toll.[11]

Accordingly, Petitioner's federal habeas petition executed on February 21, 2003, is clearly untimely. Petitioner concedes as much in his Notice of Extension of Time (Doc. 2), filed simultaneous to the Petition. However, it appears as if Petitioner believes he is entitled to equitable tolling. In his Notice of Extension of Time, Petitioner states that his Petition was untimely because of a transfer and because he was unaware that he could seek federal habeas relief until just before the expiration of the one-year limitation.[12]

## **Equitable Tolling**

In rare circumstances, the one-year time period of § 2241(d)(1) may be equitably tolled.[13] Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[14] This means that the Petitioner must show that the untimeliness of his

---

[11] See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

[12] It should be noted here that Petitioner apparently believes that he had one year from the date his Rule 3.850 motion was denied on appeal, or March 12, 2002, to file his federal habeas petition. Doc. 2 at 2. However, as set forth in this Order, that is incorrect. Petitioner had one-year from the conclusion of his direct appeal, or August 31, 2000.

[13] Diaz v. Sec. for the Dept. Of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2003)).

[14] Id at 700-701 (quoting Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

petition was "both beyond his control and unavoidable even with due diligence."[15] Moreover, equitable tolling applies "only in truly extraordinary circumstances."[16]

Here, the Court is of the opinion that Petitioner has not shown that he is entitled to this extraordinary relief as he has made no showing of due diligence. Therefore, the petition is due to be dismissed as untimely.

## Conclusion

For the reasons set forth in this Order, the Amended Petition is **DISMISSED with prejudice** as time-barred. The clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

UNITED STATES DISTRICT JUDGE

c:  Craig S. Floyd
    Counsel of Record

---

[15] Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003).

[16] Id.